### DANZIGER v. FALKENBERG et al.

(Superior Court of New York City, General Term. July 2, 1894.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.
> A verdict rendered on conflicting evidence will not be disturbed on appeal.

Appeal from jury term.

Action by Max Danziger against Charles Falkenberg and Jacob Lederer. From a judgment entered on a verdict in favor of defendants, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Alfred & Charles Steckler (Alfred Steckler, of counsel), for plaintiff.

Herman Joseph, for defendant Falkenberg.

Louis Cohen, for defendant Lederer.

GILDERSLEEVE, J. The action is brought to recover $1,250, alleged to be due for rent of certain lofts at No. 34 Howard street.

in this city, under a lease, or continuation of lease, from plaintiff to defendants. The complaint alleges the making of the lease on the 14th day of December, 1889, and that on February 1, 1890, the defendants were in possession of the premises, and that no part of the rent has been paid, though overdue, except the sum of $250. The answer alleges that on or about the 4th of January, 1888, the defendants leased from plaintiff all the lofts of the said premises, No. 34 Howard street, at an annual rental of $2,600, payable in advance, on the first days of the month, in equal monthly payments, and on the 1st of February, 1888, went into possession of the premises under said agreement; that, by the terms of said hiring, it was agreed that in case the premises so leased should be partially damaged by fire, but not rendered wholly untenantable, the same should be repaired with all proper speed, at the expense of the plaintiff, but, in case the damage should be so extensive as to render the premises untenantable, the rent should be paid proportionably to the time of the fire, and then cease until the premises were put in good repair, but in case of the destruction of the building, so as to render the rebuilding necessary, the lease should cease, and come to an end. The answer further alleges that on or about January 9, 1889, the said lease was renewed, as to three of the lofts, at a rental of $1,500 a year, from February 1, 1889, to February 1, 1890, on the same conditions, and on the 14th of December, 1889, the defendants renewed the lease, upon the same terms and conditions, for a further period of one year, to commence February 1, 1890, and to terminate February 1, 1891, and that defendants continued in possession of the premises under that last renewal down to March 18, 1890, when the premises were so injured by fire as to render them untenantable and unfit for occupation, which fire occurred without any fault or negligence on the part of defendants, and the premises remained so, and in such condition, until they were surrendered by defendants to plaintiff under agreement of surrender. The answer further alleges that in consequence of the fire, and the condition in which the building became and was by reason thereof, and before the same had been repaired, the plaintiff requested the defendants to deliver up and surrender the same to the plaintiff, and that the defendants did thereupon vacate, deliver up, and surrender the same to the plaintiff, who thereupon accepted and took possession of the same, and ever since has had possession thereof, and that the defendants have not since occupied or had possession of the same. The answer also alleges that defendants have fully paid all the rent due to the plaintiff for the period during which they occupied the premises down to the time of the fire.

The case presented four questions of fact to be determined, viz.: (1) Did the defendants hold possession of the premises under the agreement alleged by them, containing the fire clause, or was the lease from February 1, 1890, to February 1, 1891, containing no fire clause, a separate and distinct lease from the lease under which they took the premises from February, 1888? (2) Did the fire which occurred damage the premises so as to render them un-

tenantable? (3) Were the premises put in good repair by the plaintiff before the period for which rent is claimed? (4) Was there a surrender and acceptance of the premises? On all these questions of fact the evidence is more or less conflicting, and they were properly submitted by the learned trial judge to the jury, who, by their verdict, found in favor of defendants. With this conclusion the general term will not interfere, as there is sufficient evidence to sustain the verdict. There are no exceptions in the case that are of sufficient importance to warrant a reversal of the judgment. The judgment and order appealed from must be affirmed, with costs.